[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 24, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-11704
Non-Argument Calendar
_____

D.C. Docket Nos. 02-01097-CV-ORL-28
& 01-00088-CR-ORL

DARRELL WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(January 24, 2005)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

MARCUS, Circuit Judge:

Darrell Williams, a federal prisoner proceeding pro se, appeals the denial of his

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, in which he

asserted that the sentence-appeal waiver in his plea agreement did not preclude him from contesting his counsel's effectiveness relating to his sentencing. The district court held that the waiver precluded Williams from raising an ineffective-assistance claim relating to his sentence.[1] After reviewing the district court's legal conclusions de novo and its findings of fact for clear error, we agree and, accordingly, affirm. See McCarthy v. United States, 320 F.3d 1230, 1231-32 (11th Cir. 2003) (reviewing district court's legal conclusions in a 28 U.S.C. § 2255 proceeding de novo and its findings of fact for clear error).

The relevant facts are these. After Williams was charged with bank fraud, money laundering, and possession with intent to distribute 500 grams or more of cocaine hydrochloride, he entered a written plea agreement in which he agreed to plead guilty to all charges. Notably, for purposes of this appeal, pursuant to the following standard plea-agreement provision, Williams agreed:

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal [his] sentence, directly or collaterally, on any ground, [except for three types of sentences not involved in this appeal]; provided, however, that if the government exercises its right to appeal the sentence imposed, as

[1] Williams also argues that the waiver was not knowing and voluntary and that his sentence-appeal waiver was invalidated by Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Because these arguments are outside the scope of the COA, we will not consider them on appeal. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(emphasis added). At the plea colloquy, the district court specifically reviewed the foregoing appeal-waiver provision in the written plea agreement with Williams, apprising him that he was waiving his right to challenge his sentence "directly or collaterally," and Williams indicated his understanding of the provision. Williams also informed the court that he was entering the plea agreement knowingly and voluntarily.

On September 27, 2001, the district court accepted Williams's guilty plea and sentenced him to three concurrent 135-month terms of imprisonment, followed by a 4-year term of supervised release. Williams did not appeal his conviction or sentence. Instead, over two years later, on September 2, 2003, Williams filed this pro se § 2255 petition alleging that he received ineffective assistance of counsel at sentencing.

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. See United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). In the context of a direct appeal, we have held that for a sentence-appeal waiver to be enforceable, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea]

3

colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1351.

While we have not addressed whether a sentence-appeal waiver includes the waiver of the right to challenge the sentence collaterally in the context of a § 2255 petition asserting ineffective assistance of counsel, every Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. See United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001), cert. denied, 534 U.S. 1085, 122 S. Ct. 821, 151 L. Ed. 2d 703 (2002); Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000), cert. denied, 531 U.S. 1175, 121 S. Ct. 1148, 148 L. Ed. 2d 1010 (2001).[2] We are persuaded by the foregoing consistent line of authority

---

[2] Of course, there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement. See, e.g., United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (determining that because defendant's ineffectiveness claim under § 2255 did not relate to the plea or plea agreement but related only to the alleged mishandling of sentencing, the court did not need to decide whether a defendant could in fact waive a claim of ineffective assistance); see also White, 307 F.3d at 343 ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself.");

from our sister Circuits on this issue, particularly since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

Here, at the plea colloquy, the court specifically questioned Williams concerning the specifics of the sentence-appeal waiver and determined that he had entered into the written plea agreement, which included the appeal waiver, knowingly and voluntarily. See Bushert 997 F.2d at 1351. The plain language of the agreement informed Williams that he was waiving a collateral attack on his sentence. Under these circumstances, the sentence-appeal waiver precludes a § 2255 claims based on ineffective assistance at sentencing. Accordingly, we affirm the district court's denial of collateral relief on this basis.

**AFFIRMED.**

---

Cockerham, 237 F.3d at 1191 (holding that ineffective-assistance-of-counsel claim survives express waiver of right to bring collateral attack on sentence "where it challenges the validity of the plea or waiver"). Because Williams's claims assert ineffectiveness at sentencing and do not concern representation relating to the validity of the plea or waiver, we need not, and do not, reach the other situation.

5