[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14754
Non-Argument Calendar

_____

D. C. Docket No. 04-00120-CV-HLM-4

TERESA SUE COWART,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 1, 2005)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM

Teresa Sue Cowart, a counseled federal prisoner serving a 135-month

sentence for conspiracy to possess with intent to distribute at least 500 grams of methamphetamine, appeals the district court's denial of her pro se motion to vacate, set aside, or correct her sentence, 28 U.S.C. § 2255, in which she claimed that her counsel was ineffective for: (1) failing to advise her adequately concerning her guilty plea; (2) failing to move to suppress evidence at the sentencing hearing; (3) failing to negotiate a guilty plea to Count 2 of the indictment, rather than Count 1; (4) failing to raise issues concerning drug quantity; (5) failing to raise issues concerning Cowart's role in the offense; (6) failing to argue for a downward departure based on substantial assistance; and (7) failing to raise an issue concerning Cowart's postpartum depression when she pled guilty.

The district court denied Cowart's motion, finding that all of these claims, except one, were barred by her plea agreement, which stated, in pertinent part, that she "voluntarily and expressly waive[d] the right to appeal her sentence and the right to collaterally attack her sentence in any post-conviction proceeding on any ground." The district court addressed her claim that her counsel was ineffective for failing to advise her adequately concerning her guilty plea on the merits, ruling against Cowart. We granted a Certificate of Appealability ("COA") on one issue: "Whether appellant's waiver of her right to appeal her sentence directly or collaterally also precluded her claims of ineffective assistance of counsel."

2

On appeal, Cowart argues that her claims that concerned the validity of her guilty plea or her appeal waiver, and not her sentence, were not precluded by her sentence-appeal waiver. She acknowledges that we, in Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005), held that a valid sentence-appeal waiver precludes a defendant from attempting to attack his sentence through a claim of ineffective assistance of counsel during sentencing. However, she points out that, in Williams, we stated that there may be a distinction where the § 2255 claim of ineffective assistance of counsel relates to the validity of the plea or waiver, and not the sentence. She argues that three of her claims, namely that counsel failed to: (1) adequately advise her concerning her guilty plea; (2) negotiate a guilty plea to Count 2 instead of Count 1; and (3) raise the issue of her postpartum depression when she pled guilty; are still viable because they do not relate to sentencing but go directly to the validity of the waiver or plea itself.

We review de novo a district court's legal conclusions in a 28 U.S.C. § 2255 proceeding, and its findings of fact for clear error. McCarthy v. United States, 320 F.3d 1230, 1231-1232 (11th Cir. 2003). Sentence-appeal waivers are valid if they are made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). In Williams, we held that a valid sentence-appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing.

3

Id. at 1342.  However, we specifically stated:

> Of course, there may be a distinction between a § 2255 claim of
> ineffective assistance in entering or negotiating the plea versus a
> claim of ineffectiveness at sentencing or a claim challenging the
> validity of the plea or agreement . . . Because Williams's claims assert
> ineffectiveness at sentencing and do not concern representation
> relating to the validity of the plea or waiver, we need not, and do not,
> reach the other situation.

Id. at 1342 n.2 (internal citations omitted).  Additionally, in United States v.

Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004), in the context of a direct appeal,

we held that the defendant's sentence-appeal waiver waived only his right to

appeal sentencing issues, and thus considered the merits of the defendant's claim

that the government breached the plea agreement.  381 F.3d at 1105.  There, we

found the language of the defendant's appeal waiver, which specifically applied

only to the sentence imposed, controlling.  Id.

## I. Plea Claims[1]

In this case the district court erred by finding that Cowart's claims that her

---

[1] The district court found that one of the plea issues was not precluded by Cowart's sentence-appeal waiver: her claim that her counsel was ineffective in advising her about her plea agreement. Any challenge to the district court's merits determination of this issue is outside the scope of the COA, which only contemplates review of the issues that the district court deemed precluded. Therefore, because our review is limited to the issue specified in the COA, and Cowart has not requested that the COA be expanded to include a challenge to the district court's merits determinations, we do not address this issue. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998); see also Jones v. United States, 224 F.3d 1251, 1255-56 (11th Cir. 2000) (noting that, unless defendant successfully expands the COA to include a claim, we need not address it).

4

counsel was ineffective for failing to: (1) negotiate a guilty plea to Count 2, instead of Count 1; and (2) raise an issue regarding Cowart's postpartum depression; were precluded by Cowart's sentence-appeal waiver. As in Copeland, the language of Cowart's sentence appeal waiver provided that she waived her right "to collaterally attack her sentence," and did not mention a waiver of the right to attack her plea or the plea agreement itself. See Copeland, 381 F.3d at 1105. Therefore, Cowart's valid sentence-appeal waiver does not preclude these issues, which relate to the validity of the plea or waiver itself. Accordingly, the district court's decision as to these claims is vacated, and we remand to the district court for it to conduct a merits review of these claims.

## II. Sentencing Claims

As to the sentencing issues that Cowart raises in her § 2255 motion, the district court correctly found that they were precluded by Cowart's valid sentence-appeal waiver under Williams. The record supports the conclusion that Cowart knowingly and intelligently waived her right to appeal her sentence, since: (1) her appeal waiver was specifically read into the record; (2) Cowart stated that she understood the appeal waiver; and (3) she assured the court that she wished to waive her right to appeal. Therefore, she is precluded from raising those claims that relate to her sentencing. See Williams, 396 F.3d at 1342. Accordingly, we

5

affirm the district court's denial of her § 2255 motion as to those four claims.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**