[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10570
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2005
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 03-00092-CV-HL-3 & 02-00001 CR-HL

DIMITRI GOOLSBY,
a.k.a. Demetrious Goolsby

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(August 18, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Dimitri Goolsby appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Goolsby pled guilty, pursuant to a plea agreement, to possession of more than 5 grams of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count One) and possession of a gun in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Two).

On appeal, Goolsby raises an ineffective assistance of counsel claim arguing that the conduct of his trial counsel, James Smith, was ineffective because he entered into an oral agreement with the government stating that the government would not seek a firearm enhancement and Smith failed to reduce the agreement to writing.[1] Thus, but for the deficiency of his attorney, Goolsby claims that the firearm enhancement would not have been applied to his sentence.

In a § 2255 proceeding, we review a district court's legal determinations *de*

---

[1] The second issue raised by Goolsby on appeal is that his plea was not knowing and voluntary as he was not advised that the firearm could be used to enhance his sentence. However, in this section of his brief Goolsby argues that he was denied effective assistance counsel because his lawyer advised him to reject the government's offer to plead guilty to Count Two and to plead guilty to Count One. Goolsby contends that had he pled guilty to Count One, his sentence would have been shorter. As Goolsby has not requested that the Certificate of Appealability (COA) be expanded to include this ineffective assistance of counsel claim, we decline to address this issue because it is outside the narrow scope of the COA. Murray *v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (holding that "appellate review is limited to the issues specified in the COA").

*novo*, and its findings of fact for clear error. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). To establish an ineffective assistance of counsel claim, "the defendant must [first] show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the defendant must prove that the deficiency in counsel prejudiced the defense by "depriv[ing] [him] of a fair trial." *Id*. Further, it is well established that attorney assistance must meet the objective standard of reasonable effectiveness. *Id*. at 688, 104 S. Ct. at 2064.

Goolsby's ineffective assistance of counsel claim necessarily fails because he has not met his burden of establishing the deficient performance of his attorney. In the instant case, the district court adopted the magistrate's recommendation to deny Goolsby's claim of ineffective assistance of counsel based on his counsel's failure to put the oral agreement regarding the sentencing enhancement in writing. The magistrate made a factual finding that there was no oral agreement. After reviewing the record, we conclude that this factual finding was not clearly erroneous.

Smith testified to the existence of an oral agreement. However, the

government testified that there was no such agreement, but instead that Smith was informed of the possibility of a firearm enhancement and that he could oppose the enhancement. The record supports the district court's conclusion that there was no agreement between Smith and the government. Because the district court correctly concluded that there was no agreement between Smith and the government regarding the firearm sentence enhancement, Smith's failure to put the agreement in writing is of no consequence.[2]

Goolsby failed to establish the first prong of the *Strickland v. Washington* test. 466 U.S. at 687, 104 S. Ct. at 2064. Thus, we conclude that the district court did not err in finding that Goolsby was not denied effective assistance of counsel. Accordingly, we affirm the district court's denial of Goolsby's § 2255 motion.

**AFFIRMED**.

---

[2] Goolsby alternatively claims that if in fact there was no agreement regarding the firearm enhancement, then Smith would have advised him to plead guilty to Count Two, allowing for a shorter sentence. However, it is unclear whether the sentence imposed for Count One was necessarily longer than the sentence possible for Count Two. Thus, Goolsby has not demonstrated that Smith's assistance was not reasonably effective.