[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 3, 2005
THOMAS K. KAHN
CLERK

No. 05-11631
Non-Argument Calendar

_____

D. C. Docket Nos.02-00022-CV-WCO-2, 99-00033-CR-02

TAMMY FAIR,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 3, 2005)

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Tammy Fair appeals the district court's denial of her motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255.  On appeal, Fair asserts the

district court erred in its analysis of her ineffective-assistance-of-counsel claim. Fair argues she established both that her trial attorney's performance was defective because he failed to advise her of her right to testify in her own defense, and that she was prejudiced because her testimony would have changed the result of her trial. We review "a district court's findings of fact in a 28 U.S.C. § 2255 proceeding for clear error, and its legal conclusions de novo ." Garcia v. United States, 278 F.3d 1210, 1212 (11th Cir. 2002); see also Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (same). After thorough review, we affirm.

We previously affirmed Fair's 188-month sentence and convictions for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and maintaining a place for the distribution of methamphetamine, in violation of 21 U.S.C. § 856(a)(1). United States v. Fair, 251 F.3d 162 (11th Cir. 2001) (Table). In her § 2255 motion, Fair raised three claims of ineffective assistance of trial counsel, only one of which was designated in the district's certificate of appealability: whether Fair's trial attorney rendered ineffective assistance by failing to advise her that she had the right to testify in her own defense.[1]

---

[1] The district court did not designate, and Fair does not make arguments relating to, the other two claims.

After an evidentiary hearing, at which Fair, her trial counsel, and her husband's trial counsel testified, the magistrate judge entered a Report and Recommendation (R&R). Applying the familiar two-part test for ineffective assistance of counsel enumerated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),[2] the magistrate judge concluded that although Fair satisfied the performance prong of Strickland by showing her counsel's representation was deficient, Fair's proffer of the testimony she would have provided if she had testified was "irrelevant to the jury's determination" of guilt. This finding was based, among other things, on (1) the speculative nature of Fair's argument that the testimony would have made a difference, and (2) the government's cross-examination of Fair at the evidentiary hearing on her § 2255 motion, after which the magistrate judge noted "certain credibility problems." Based on Fair's failure to satisfy her burden on the

---

[2] In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88, 694. To satisfy the deficient performance prong, the petitioner has the burden to prove that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687. The standard for counsel's performance under Strickland is "reasonableness under the prevailing professional norms." Id. at 688-89. The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. See Mills v. Singletary, 63 F.3d 999, 1020 (11th Cir. 1995)(quotation and citation omitted). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 446 U.S. at 694.

Strickland prejudice prong, the magistrate judge recommended denial of her § 2255 motion.

The district court adopted the R&R in part and denied Fair's motion. In its order, the district court, applying Strickland, concluded the following:

> Given the facts, viewed from the perspective of trial counsel, as they were known to him at the time of the representation, the court concludes that it is more likely than not that trial counsel followed his normal practice with petitioner, that petitioner knew that she had a right to testify, and that petitioner alone decided not to exercise that right. The court finds evidence that petitioner knew she had a right to testify. Petitioner expressed reluctance about testifying to her trial counsel and never affirmatively requested that she take the stand. In addition, petitioner was present during conversations about whether her husband should testify and knew that he would be waiving his right at trial. The court further questions the magistrate judge's application of [United States v.Teague, 953 F.2d 1525 (11th Cir. 1992)] to require that trial counsel explicitly articulate to a defendant that he or she has a right to testify and that the decision about whether to exercise that right belongs solely to him or her. Rather, the court believe that the focus should be on whether petitioner knew that such a right existed, that the ability to exercise that right was her choice, and that petitioner knowingly and willingly waived that right. Consequently, the court must deviate from the magistrate judge's findings here because it finds that petitioner failed to show that some action or inaction by trial counsel deprived her of "the ability to choose whether or not to testify in [her] own behalf." Teague, 953 F.2d at 1534.

Thus, the district court found that Fair failed to meet the performance prong of Strickland. The court further concluded that the magistrate judge's analysis on the

prejudice prong of <u>Strickland</u> was correct.  Accordingly, the court denied Fair's motion.

After our thorough review of the record and the parties' briefs, we find no clear error in the findings of fact, or legal error in the district court's analysis, relating to the <u>Strickland</u> prejudice prong.[3]  Accordingly, Fair did not satisfy her burden under <u>Strickland</u> and the district court correctly denied her § 2255 motion.

**AFFIRMED.**

---

[3]  We need not address the issue of counsel's effectiveness if prejudice is lacking. <u>See</u> <u>Strickland</u>, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."); <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." (citation omitted).