[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2009
THOMAS K. KAHN
CLERK

No. 09-11420
Non-Argument Calendar

_____

D. C. Docket No. 08-61597-CV-KMM

ALFRED THOMPSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2009)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Alfred Thompson appeals the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court relied on *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), to conclude that the three claims in Thompson's § 2255 motion alleging ineffective assistance of counsel at sentencing were barred by the valid sentence-appeal waiver in Thompson's agreement. We granted a certificate of appealability on the following issue:

> Whether the district court erred by finding that Thompson's sentence-appeal waiver precluded his 28 U.S.C. § 2255 claims based on ineffective assistance of counsel at sentencing, where the written plea agreement and sentence-appeal waiver did not state that Thompson was waiving his right to collaterally attack his sentence, in light of *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005)?

On appeal, both Thompson and the government agree that the district court erred in finding *Williams* applicable to the instant case, because the appeal waiver in Thompson's plea agreement made no mention of collateral attack.

With regard to a district court's denial of a 28 U.S.C. § 2255 motion to vacate, we "review legal conclusions *de novo* and findings of fact for clear error." *Mamone v. United States*, 559 F.3d 1209, 1210 (11th Cir. 2009).

A plea agreement is "a contract between the Government and a criminal defendant." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). As such, it should be given the interpretation that the parties intended. *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005). Additionally, a defendant may offer

2

as consideration waiver of the right to appeal, as long as that waiver is knowing and voluntary. *Howle*, 166 F.3d at 1168. "[T]he defendant's knowledge and understanding of the sentence appeal waiver is one of the components that constitutes the 'core concern' of the defendant's right to be aware of the direct consequences of his guilty plea." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (internal quotation marks omitted). To demonstrate that a sentence-appeal waiver is sufficiently knowing and voluntary to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the colloquy; or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Id.*

For a sentence-appeal waiver to bar claims raised in a § 2255 motion, "[a]t a minimum, the would-be petitioner must know at the time of the guilty plea that the right to federal habeas review exists, and he must realize he is giving up that right as part of his plea bargain." *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998). When a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable and serve to prevent a movant from collaterally attacking a

3

sentence on the basis of ineffective assistance of counsel. *Williams*, 396 F.3d at 1342.

As the government concedes in its brief, the district court erred in reading *Williams* to apply to sentence-appeal waivers, as here, that do not specifically contemplate collateral attacks. We therefore vacate the order dismissing Thompson's § 2255 motion as to the three claims of ineffective assistance of counsel at sentencing, and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**