[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2012
JOHN LEY
CLERK

No. 10-15831
Non-Argument Calendar

_____

Docket No. 8:07-cr-00220-RAL-TGW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL MAGANA-HERRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 21, 2012)

Before EDMONDSON, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Raul Magana-Herrera appeals his 240-month sentence -- imposed below the applicable guideline range -- after pleading guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii)(Count 1).

Briefly stated, Magana-Hedera argues that his sixth grade education prevented him from knowingly and voluntarily entering into the portion of the plea agreement that waived his right to appeal. If the appeal waiver is held invalid, Magana-Herrera argues that the district court incorrectly applied a firearm enhancement and a role in the offense enhancement. In addition, Magana-Herrera argues that his 240-month sentence constitutes cruel and unusual punishment, in violation of the Eighth Amendment, and that this claim is excepted from his appeal waiver.[*]

First, because the district court properly conducted a plea colloquy that discussed the appeal waiver before accepting Magana-Herrera's plea, the appeal waiver was knowing, voluntary, and enforceable. Accordingly, all grounds for

---

[*]Magana-Herrera briefly mentions that a plea agreement must be knowing and voluntary. Magana-Herrera never asks that the conviction or entire plea agreement be overturned, but rather focuses his arguments on obtaining a new sentence. This issue is abandoned. Even if preserved, the facts show that the district court complied with Fed.R.Crim.P. 11, and that the plea was knowing and voluntary. Moreover, even assuming that plain error occurred, the record does not establish a "reasonable probability that, but for the error," Magana-Herrera would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340, 159 L.Ed.2d 157 (2004).

appeal not excepted from the appeal waiver are waived, including Magana-Herrera's challenges to his offense level enhancements. Second, although Magana-Herrera claims, for the first time on appeal, that he received ineffective assistance of counsel at sentencing, we decline to consider that claim. Third, Magana-Herrera's sentence is not cruel and unusual, in violation of the Eighth Amendment, because it is within the statutory limits; and it is not grossly disproportionate to the offense he committed. For background, see *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (Eighth amendment violation requires showing sentence imposed is grossly disproportionate to offense committed); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (defendant understood the full significance of appeal waiver); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (upholding waiver of collateral challenge to ineffectiveness of counsel at sentencing); *Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690, 155 L.Ed.2d 714 (2003) (ineffective assistance claims generally not considered on direct appeal).

Accordingly, we, in the light of the appeal waiver, dismiss the appeal, in part, and otherwise affirm.

DISMISSED IN PART, AFFIRMED IN PART.