[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-12422
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00068-JES-DNF-6


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NADIA C. RODRIGUEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 1, 2013)


Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Nadia Rodriguez appeals following her convictions for conspiracy to possess

with the intent to distribute oxycodone, in violation of 21 U.S.C. § 846, and

possession with the intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). Ms. Rodriguez's sole contention in this appeal is that she received ineffective assistance of counsel during plea negotiations, which caused her to plead guilty pursuant to a written agreement that contained an appeal waiver when she otherwise may not have. As the basis for her ineffective assistance claim, Ms. Rodriguez contends her trial counsel gave her incorrect information that "induced" her to sign the plea agreement. Specifically, she argues that counsel told her she was subject to a statutory minimum sentence when she was not.

While some evidence exists that could support Ms. Rodriguez's claim, we decline to address it. The claim is better suited for resolution on a 28 U.S.C. § 2255 motion because the record, which contains no details about what trial counsel actually communicated to Ms. Rodriguez, is not developed enough at this stage for us to assess his effectiveness. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) ("We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record.").

We note also that Ms. Rodriguez advances only an ineffective assistance of

2

counsel claim in this appeal, and does not challenge her convictions or her sentence directly. We therefore affirm her convictions and sentence, but we do so without prejudice to Ms. Rodriguez filing a motion to vacate under § 2255. We express no view on what effect, if any, the plea agreement's collateral attack waiver will have in a future § 2255 proceeding. *See, e.g.*, *Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (declining to address whether collateral attack waiver would extend to a claim of ineffective assistance of counsel "in entering or negotiating" a plea); *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (concluding, in an unpublished opinion, that collateral attack waiver did not bar § 2255 challenge to "validity of . . . guilty plea").[1]

**AFFIRMED**.

---

[1] We also express no view on whether Ms. Rodriguez—who conceded in her briefs that even with "proper counsel" she "would have pled guilty," just "without a plea agreement"—will be able, in a future § 2255 proceeding, to show the prejudice required under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *See, e.g.*, *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985) ("[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial."). *Cf. United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009).