[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12944
Non-Argument Calendar

_____

D.C. Docket Nos. 1:15-cv-00176-JRH-BKE,
1:14-cr-00027-JRH-BKE-1

CORY MILO GRIFFIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 20, 2018)

Before TJOFLAT, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Cory Griffis, a federal prisoner, appeals the district court's denial of his

counseled 28 U.S.C. § 2255 motion to vacate his sentence. We granted a

certificate of appealability on three issues:  (1) whether the district court erred in determining, without an evidentiary hearing, that Griffis understood the full significance of the collateral attack waiver contained in his plea agreement; (2) whether the district court erred in determining, without an evidentiary hearing, that trial counsel's decision not to seek a mental health evaluation of Griffis, prior to sentencing, constituted a strategic decision; and (3) whether the district court erred in determining that Griffis could not show prejudice caused by trial counsel's failure to have him evaluated.  Because we find that the collateral attack waiver was enforceable, we affirm without reaching the latter two issues.

We review the denial of an evidentiary hearing in § 2255 proceedings for abuse of discretion.  *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017).  Whether an appeal waiver is knowing and voluntary is a mixed question of law and fact, which we review de novo.  *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998).

When faced with a § 2255 motion, a district court must hold an evidentiary hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C § 2255(b).  A prisoner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief."  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014).  However, no hearing is required if the allegations are "patently frivolous," "based

2

upon unsupported generalizations," or "affirmatively contradicted by the record." *Id.* "There is a strong presumption that the statements made during the colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

We have held that collateral attack waivers preclude § 2255 motions premised on claims of ineffective assistance of counsel during sentencing. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). Such waivers are valid if made knowingly and voluntarily. *Id.* They are enforceable if the government shows that either "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the plea colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1341 (alteration adopted).

The district court did not abuse its discretion in not holding an evidentiary hearing to determine whether Griffis's collateral attack waiver was enforceable because he was specifically questioned about it at the change-of-plea hearing, and it is manifestly clear from the record that he understood its full significance.

At the plea-change hearing, the district court asked the defendant the following:

> And I also note that by signing this Plea Agreement you are waiving or giving up your right to appeal *on any ground* except you may appeal the sentence if it exceeds the statutory minimum [sic[1]] or if it exceeds the

---

[1] The signed plea agreement makes clear that this was meant to be "statutory maximum." Doc. 52 at 5.

applicable advisory guideline range that that the Court determines to apply to your case or if the Government should appeal. Otherwise, *you are giving up your right to directly or in a post-conviction proceeding indirectly attack* your sentence by entering into this agreement. Do you understand that? And your conviction.

Doc. 60 at 12 (emphasis added). The defendant answered: "That's correct, Your Honor." *Id.* He also confirmed that he had signed the plea agreement, had discussed it with his attorney, and agreed to be bound by all of its terms. *Id.* at 10–11. The signed plea agreement stated that the defendant "entirely waives his right to a direct appeal of his conviction and sentence on any ground," and that he "entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion." Doc. 52 at 5.

Even if it is true, as the defendant alleges, that he did not understand the difference between a collateral attack and a direct appeal, the record excerpts above make it manifestly clear that he understood the significance of the waiver, i.e. that he would not be able to appeal or collaterally attack his attorney's purportedly deficient performance. The district court made abundantly clear that the defendant could not appeal or collaterally attack *anything* except for the length of his sentence if it exceeded the maximum or guidelines range. And the signed plea agreement includes a provision making this even clearer, specifically

including a waiver of the right to direct appeal and a waiver of the right to collaterally attack, "including but not limited to a 28 U.S.C. § 2255 motion." *Id.* As such, the collateral attack waiver is valid and precludes Griffis's ineffective assistance claim.

In this case, "the court specifically questioned [Griffis] concerning the specifics of the sentence-appeal waiver and determined that he had entered into the written plea agreement, which included the appeal waiver, knowingly and voluntarily. The plain language of the agreement informed [Griffis] that he was waiving a collateral attack on his sentence." *Williams*, 396 F.3d at 1342 (citation omitted). Accordingly, "the sentence-appeal waiver precludes a § 2255 clai[m] based on ineffective assistance at sentencing," *id.*, and we therefore affirm.

**AFFIRMED.**