**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-14174

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSHUA GRANT COBB,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00136-PGB-RMN-1

_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Joshua Cobb is appealing his convictions for drug and firearm offenses. Cobb argues that the district court reversibly erred by failing to sua sponte inquire into a conflict of interest between

him and his counsel based on the sentence-appeal waiver.  After careful review, we affirm.

We review claims involving a counsel's conflict of interest de novo.  *United States v. Williams*, 902 F.3d 1328, 1332 (11th Cir. 2018).

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The right to effective assistance of counsel "includes the right to counsel who is unimpaired by conflicting loyalties."  *Duncan v. Alabama*, 881 F.2d 1013, 1016 (11th Cir. 1989) (involving a conflict-of-interest claim raised in a 28 U.S.C. § 2254 habeas corpus proceeding).  A district court has a duty to inquire into a potential conflict of interest either upon an objection or "where a trial court knows or reasonably should know that a particular conflict exists -- whether that conflict relates to joint representation of codefendants or to other conflicts."  *Dallas v. Warden*, 964 F.3d 1285, 1303 (11th Cir. 2020).

If the court is on notice and fails to inquire into the conflict, "reversal is only warranted if the petitioner shows an actual conflict that negatively affected his attorney's performance."  *Id.* at 1303–04.  Reversal is "automatic" when a trial court improperly requires joint representation of codefendants over timely objection.  *Id.* at 1302–03.  The defendant must show an "actual conflict" because a speculative or merely hypothetical conflict of interest does not yield a Sixth Amendment violation.  *Reynolds v. Chapman*, 253 F.3d 1337, 1342–43 (11th Cir. 2001).  "An 'actual conflict' of interest

occurs when a lawyer has 'inconsistent interests.'" *Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999). The inquiry into the existence of an actual conflict is "fact-specific." *Id.* The burden is on the defendant to "point to specific instances in the record to suggest an actual conflict or impairment of [his] interests." *United States v. Mers*, 701 F.2d 1321, 1328 (11th Cir. 1983) (citation modified). A record that shows only the theoretical division of counsel's loyalties is not enough to establish that counsel had an actual conflict of interest. *Mickens v. Taylor*, 535 U.S. 162, 171 (2002).

To prove adverse effect, a defendant must show three elements: (1) "the defense attorney could have pursued a plausible alternative strategy"; (2) the "alternative strategy was reasonable"; and (3) "the alternative strategy was not followed because it conflicted with the attorney's external loyalties." *Reynolds*, 253 F.3d at 1343. "If there is a guilty plea involved, [we] look[] at whether the attorney's actual conflict adversely affected the defendant's decision to plead guilty." *Pegg v. United States*, 253 F.3d 1274, 1278 (11th Cir. 2001).

Although a claim of ineffective assistance of counsel may be raised on direct appeal, we rarely consider the claim at that stage unless the record is sufficiently developed, meaning the district court had an opportunity to entertain the claim and develop a factual record. *United States v. Patterson*, 595 F.3d 1324, 1328–29 (11th Cir. 2010). Even where the record contains some indication of deficient performance, claims of ineffective assistance are generally more properly pursued through a collateral attack to a conviction

and sentence. *Id.* A sentence-appeal waiver precludes a defendant from attempting to attack, in a collateral proceeding, his sentence through a claim of ineffective assistance of counsel during sentencing. *Williams v. United States,* 396 F.3d 1340, 1342 (11th Cir. 2005). But the waiver does not necessarily preclude a defendant from raising ineffective-assistance claims concerning counsel's conduct during the plea proceedings. *Id.* at 1342 n.2.

Here, Cobb argues that the district court reversibly erred by failing to sua sponte inquire into an "obvious conflict of interest" between him and his counsel; he bases this alleged conflict of interest on the appeal waiver in his plea agreement, which prohibited him from raising ineffective-assistance-of-counsel claims on direct appeal or in a 28 U.S.C. § 2255 motion to vacate. We find no merit to this claim. For starters, Cobb is not entitled to automatic reversal because he did not object below and this case does not involve counsel's joint representation of codefendants. *Dallas*, 964 F.3d at 1302–04. Further, he has not shown that the court had a duty to inquire into other potential conflicts because he did not raise any objection at the plea hearing, and he has put forth no basis for why the court should have known that a potential conflict existed. *Id.* at 1303.

Nor, in any event, can Cobb show an actual conflict. *See Reynolds*, 253 F.3d at 1342–43. The appeal waiver in Cobb's plea agreement prohibited him from appealing his sentence except in certain circumstances and it did *not* explicitly prohibit him from

raising an ineffective-assistance claim in a § 2255 proceeding; indeed, § 2255 is the method by which our Court generally prefers those claims to be pursued. *Patterson*, 595 F.3d at 1328–29. Moreover, under our case law, even if the sentence-appeal waiver precluded him from attempting to collaterally attack his *sentence* through a claim of ineffective assistance of counsel, it would not necessarily preclude him from bringing an ineffectiveness claim concerning counsel's conduct during his *plea agreement*. *See Williams*, 396 F.3d at 1342. Instead, Cobb offers a generalized argument that a conflict exists anytime a defendant agrees to an appeal waiver in a plea agreement. In so doing, he has only raised facts that show a "speculative[] or merely hypothetical" conflict and has failed to "point to specific instances in the record to suggest an actual conflict or impairment of [his] interests." *Reynolds*, 253 F.3d at 1342–43; *Mers*, 701 F.2d at 1328 (citation modified). Nor, finally, has Cobb shown how his counsel's potential conflict negatively affected his decision to plead guilty. *Pegg*, 253 F.3d at 1278.[1]

**AFFIRMED.**

---

[1] To the extent Cobb argues in his reply brief that independent counsel "plausibly could have advised" him not to waive his right to challenge counsel's performance on appeal, we do not consider arguments that were not raised in an initial brief. *See United States v. Castillo*, 899 F.3d 1208, 1215 (11th Cir. 2018) ("[A]n appellant in a criminal case may not raise an issue for the first time in a reply appellate brief.") (citation modified).