[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 01, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11363
Non-Argument Calendar

_____

D. C. Docket Nos. 05-08014-CV-LSC-M
and 03-00432-CR-M-D

RAVIKUMAR GHANSHYMBHA PATEL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 1, 2007)**

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Ravikumar Ghanshymbha Patel, a pro se federal prisoner serving a 135-month sentence for one count of conspiracy to possess and distribute pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(c)(2), and three counts of possession and distribution of pseudoephedrine with reason to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2), appeals the district courts's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted a certificate of appealability ("COA") on the following issue only:

> Whether the district court erred in finding that the appeal waiver in the appellant's plea agreement barred the claims in his 28 U.S.C. § 2255 motion that his trial counsel was ineffective for coercing him to plead guilty and his appellate counsel was ineffective for failing to file a notice of appeal after the appellant specifically requested counsel to do so?

Patel argues that counsel failed to provide effective assistance, as required by the Supreme Court's decision in Roe v.Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), because he specifically asked counsel to file an appeal, but counsel ignored his request. He contends that because he specifically asked counsel to file an appeal, the district court erred by failing to conduct an evidentiary hearing. Second, Patel argues that his guilty plea and appeal waiver were entered into involuntarily as a result of the misleading advice and information

2

he received from counsel, as well as coercion from his family members, who counsel unduly influenced. He asserts that the appeal waiver does not bar his challenge to the validity of his plea or the waiver itself. For the reasons set forth more fully below, we vacate and remand in part and affirm in part.

Patel pled guilty pursuant to a written plea agreement containing a sentence appeal waiver, which provided in relevant part:

> Defendant's right to an appeal and his right to file a motion pursuant to 28 U.S.C. § 2255 have been explained to him and he understands those rights. As a part of this plea agreement, Defendant knowingly, intelligently, and voluntarily waives his right to appeal his conviction(s) and sentence, and to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255.

The district court denied Patel's § 2255 motion, finding that his claims were barred by a valid appeal waiver.

## I.

A district court's legal conclusions in a 28 U.S.C. § 2255 proceeding are reviewed de novo and its factual findings are reviewed for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether a defendant has received ineffective assistance of counsel is a mixed question of fact and law reviewed de novo. Mincey v. Head, 206 F.3d 1106, 1142 (11th Cir. 2000).

The legal standard governing the disposition of ineffective-assistance-of-counsel claims is derived from the benchmark case of Strickland v. Washington,

3

466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland, the Supreme Court established a two-prong test for adjudicating ineffective-assistance-of-counsel claims. First, the movant must show that counsel's performance was deficient. Id. at 687, 104 S.Ct. at 2064. The proper measure of attorney performance is "reasonableness under prevailing professional norms." Id. at 688, 104 S.Ct. at 2065. Counsel is "strongly presumed" to have rendered adequate assistance and to have exercised reasonable professional judgment. Id. at 690, 104 S.Ct. at 2066. Second, the movant must show that counsel's deficient performance prejudiced the defense. Id. at 687, 104 S.Ct. at 2064. To prove prejudice, the movant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's unprofessional errors. Id. at 694, 104 S.Ct. at 2068.

In Flores-Ortega, the Supreme Court applied the test set forth in Strickland and reiterated the  long established rule that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner. 528 U.S. at 476-77, 120 S.Ct. at 1034-35. The Supreme Court further held that, even when a defendant has not specifically instructed his counsel to file an appeal, in order to determine whether counsel performed deficiently, a court must inquire into whether counsel in fact consulted with the

4

defendant about an appeal.  Id. at 478, 120 S.Ct. at 1035.  "If so, the attorney has only acted unreasonably if he has ignored the client's wishes to appeal the case . . . . If not, the court must further inquire whether the attorney had an affirmative duty to consult."  Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005) (citing Flores-Ortega, 528 U.S. at 478, 120 S.Ct. at 1035).  The duty to consult arises when either: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing.  Id. (citing Flores-Ortega, 528 U.S. at 480, 120 S.Ct. at 1036).  "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  Flores-Ortega, 528 U.S. at 484, 120 S.Ct. at 1038.

In Gomez-Diaz, we were presented with a case factually and procedurally similar to the instant appeal.  In that case, Gomez-Diaz pled guilty pursuant to a written plea agreement containing an appeal waiver.  433 F.3d at 790.  Gomez-Diaz did not file a direct appeal.  Id.  Instead, he filed a § 2255 motion, wherein he alleged, inter alia, that his court-appointed counsel was ineffective for failing to file a notice of appeal as he requested.  Id.  The district court denied the § 2255 motion without an evidentiary hearing, on the basis that Gomez-Diaz failed to identify any ground for appeal falling within the exceptions listed in the appeal waiver.  Id.  We

5

granted a COA to address the question of "[w]hether [Gomez-Diaz] was denied effective assistance of counsel when counsel failed to file a timely notice of appeal after appellant allegedly requested counsel to do so." Id. In addressing this issue, we also addressed two subsidiary questions: (1) "whether Gomez-Diaz's § 2255 motion states a claim that entitles him to an evidentiary hearing"; and (2) if yes, "whether [Gomez-Diaz's] limited appeal waiver precludes the grant of relief unless he can show that he has meritorious grounds for appeal." Id.

After examining the analytical framework set forth in the Supreme Court's decisions in Strickland and Flores-Ortega, we held that Gomez-Diaz did in fact state a claim sufficient to entitle him to an evidentiary hearing in the district court. Id. at 791-93. Construing Gomez-Diaz's pleadings liberally, we remanded the case to the district court with instructions to conduct an evidentiary hearing to determine whether Gomez-Diaz's initial statements were sufficient to trigger a per se duty to appeal under Flores-Ortega, and, if not, whether counsel fulfilled his constitutional duty to consult with Gomez-Diaz regarding his desire to appeal. Id. at 792-93. We held also that the reasoning of Flores-Ortega applied "with equal force" where the defendant has waived his appellate rights. Id. at 793.

Here, the district court erred by concluding that Patel waived his ineffective-assistance-of-counsel claim. In denying Patel's ineffective-assistance-of-counsel

claim, the district court found that the claim was barred because Patel had knowingly and voluntarily agreed to the appeal waiver during the plea colloquy and had not presented any evidence to rebut the presumption that his statements were true and correct. As we determined in Gomez-Diaz, however, an appeal waiver does not relieve counsel of the duty to file a notice of appeal on request. Thus, the district court incorrectly found that this claim was precluded by the fact that Patel entered into a seemingly valid appeal waiver. Moreover, as conceded by the government, the record in this case is insufficient to determine whether Patel actually requested that his attorney file an appeal. In his § 2255 motion and accompanying memorandum, Patel asserted that he specifically requested his attorney to file an appeal of his sentence and conviction, but noted that counsel failed to do so and did not provide any reasons for ignoring his request. Patel renewed these arguments on appeal. The record demonstrates that the district court did not address Patel's assertion that he asked counsel to file an appeal. The inquiry as to whether Patel actually requested counsel to file an appeal, which has not taken place in this case, is an essential first step in the analysis under Flores-Ortega and Gomez-Diaz.

Accordingly, we vacate and remand to the district court to conduct an evidentiary hearing into: (1) whether Patel, in fact, requested counsel to file a

direct appeal sufficient to trigger the per se duty to appeal set forth in Flores-Ortega; and (2) whether, if Patel failed to request counsel to file an appeal, counsel fulfilled his constitutional duty to consult with Patel by advising Patel of the advantages and disadvantages of filing an appeal and making a reasonable effort to comply with Patel's wishes.

II.

We review the district court's legal conclusions in a § 2255 proceeding de novo. Lynn, 365 F.3d at 1232. A claim of ineffective assistance of counsel is a mixed question of law and fact that is also reviewed de novo. Mincey, 206 F.3d at 1142. Appeal waivers are valid if they are made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). We have held that a valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing. Williams, 396 F.3d at 1342. We have not specifically reached the issue of whether a valid appeal waiver can preclude § 2255 claims based on ineffective assistance of counsel that challenge the validity of the plea or the waiver itself. In Williams, however, we noted that "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement." Id. n.2.

8

Other circuits that have addressed the issue have concluded that a valid appeal waiver does <u>not</u> preclude claims brought pursuant to § 2255 that challenge the validity of the defendant's plea or the appeal waiver based on the ineffective assistance of counsel. See <u>United States v. White</u>, 307 F.3d 336, 341 (5th Cir. 2002) (indicating that "a waiver of appeal may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered <u>that</u> <u>waiver</u> unknowing or involuntary"); <u>United States v. Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver"); <u>DeRoo v. United States</u>, 223 F.3d 919, 924 (8th Cir. 2000) (holding that a "waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel"). In <u>DeRoo</u>, the Eighth Circuit reasoned that

> [a] decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence demanded of attorneys in criminal cases. Therefore, justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself-the very product of the alleged ineffectiveness.

9

DeRoo, 223 F.3d at 924 (citations and quotations omitted).

Here, the appeal waiver in Patel's plea agreement precludes both direct appeal and collateral review of both his sentence and conviction. Patel's claim in his § 2255 motion, however, explicitly challenges the validity of his guilty plea. Accordingly, in light of these holdings, the district court erred in dismissing Patel's claim based on a finding that it was barred by the appeal waiver. See Williams, 396 F.3d at 1342 n.2. Nevertheless, we need not vacate and remand this issue to the district court for an evidentiary hearing because the record is sufficient to permit meaningful appellate review as to this claim, and the record supports the conclusion that counsel was not ineffective for misleading Patel concerning his sentence or otherwise coerced him into pleading guilty. See Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995) (indicating that we may affirm a decision of the district court based on any adequate ground, even if it is different from the one relied on by the district court).

There is a strong presumption that statements made during the plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a defendant bears a heavy burden to show that his statements under oath were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). A careful reading of Patel's § 2255 motion and supporting memorandum shows that

10

Patel contends that his plea was involuntary because counsel, his parents and uncle coerced him into pleading guilty. Patel insists that counsel promised that, if he pled guilty, he would receive a sentence of two to three years' imprisonment, and would be returned to India within six months, but would receive a much longer sentence if he proceeded to trial and was unsuccessful. Although he insisted that he wanted to proceed to trial, his family members instructed him to listen to counsel and to plead guilty. Patel's allegations are in direct conflict with his statements during the plea colloquy, and he has produced no evidence to challenge the veracity of his sworn testimony. Indeed, his self-serving statements appear to be a last-minute attempt to escape the preclusive effect of the appeal waiver. While there is some question as to whether counsel expressly promised Patel that he would receive a specific sentence, the record demonstrates that Patel did not mention this promise during the plea colloquy, and, instead, stated that he understood that his sentence could be different from what counsel had advised and confirmed that no one had promised him anything in exchange for his plea.

Moreover, during the plea colloquy, Patel stated that he was satisfied with counsel's performance. He indicated that he read, understood, and signed the written plea agreement and confirmed that counsel had reviewed the terms and conditions of that agreement with him. The court specifically questioned Patel

11

about the appeal waiver, asking if he understood that he was giving up his right to appeal and to file a motion pursuant to § 2255. Patel stated that he understood. Patel stated also that no one had promised him anything or had otherwise coerced him into pleading guilty. Patel further stated that he had discussed the sentencing guidelines with counsel and confirmed that he understood that his sentence could be significantly higher or lower than what counsel had predicted. Patel has failed to rebut the presumption that these statements were true and correct.

Additionally, Patel contends that he pled guilty because his cultural background commands that he obey his elders, who insisted that he plead guilty. Although Patel asserts that counsel facilitated this coercion, we have held that "[u]navoidable influence or pressure from sources such as codefendants, friends or family does not make a plea involuntary; it is only where the plea is coerced by conduct fairly attributable to the [government] that the due process clause . . . is offended." Stano v. Dugger, 921 F.2d 1125, 1142 (11th Cir. 1991) (addressing a state prisoner's claims under 28 U.S.C. § 2254). Therefore, because coercion from family members did not render his plea or appeal waiver involuntary, Patel is unable to rebut the presumption that his statements during the plea colloquy were true and correct. Accordingly, despite the district court's error in finding that his claim was barred by the valid appeal waiver, we affirm as to this issue.

12

In light of the foregoing, we vacate and remand to the district court for an evidentiary hearing to determine whether Patel requested counsel to file an appeal and, whether, if Patel failed to request counsel to file an appeal, counsel fulfilled his constitutional duty to consult with Patel regarding his desire to appeal. We affirm Patel's conviction and reject his claim that his plea and appeal waiver were involuntarily entered into based on the ineffective assistance of counsel.

**VACATED AND REMANDED in part; AFFIRMED in part**