[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10415
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00449-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO SIERRA-BORBOLLA,
a.k.a. Humberto Reyes-Olvera,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 3, 2012)

Before WILSON, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Stephen U. Baer, counsel for Gilberto Sierra-Borbolla in this direct criminal

appeal, has moved to withdraw from further representation of the appellant and filed

a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).   Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct.   Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and Sierra-Borbolla's convictions and sentences are AFFIRMED.

Sierra-Borbolla's motion for court appointed counsel is DENIED as moot. Further, his motion to appeal his sentence based upon alleged ineffective assistance of counsel is DENIED.   Such a claim, if available, should be brought in a motion pursuant to 28 U.S.C. § 2255, rather than on direct appeal.   We express no view on what effect, if any, the plea agreement's collateral attack waiver will have in a future § 2255 proceeding.   *See Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (declining to address whether collateral attack waiver would extend to a claim of ineffective assistance of counsel "in entering or negotiating the plea"); *Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. 2007) (unpublished) (collateral attack waiver did not bar § 2255 challenge to "validity of . . . guilty plea").