[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10342
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00198-SCB-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEEOTIS WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 13, 2011)

Before HULL, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Leeotis Wilson appeals his 120-month sentence, imposed after he pleaded guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). On appeal, Wilson argues that: (1) the district court erred in dismissing his 28 U.S.C. § 2255 claim without addressing all of his claims of ineffective assistance of counsel; (2) the government breached the plea agreement; (3) he did not knowingly and voluntarily waive his right to appeal his sentence; (4) the district court abrogated the appeal waiver when it allowed him to file an out-of-time appeal; and (5) his sentencing counsel was ineffective and his sentence was procedurally unreasonable. For the reasons set forth below, we dismiss Wilson's claim as to his § 2255 case; affirm as to his breach of the plea agreement argument; and dismiss his claims regarding the abrogation of the appeal waiver, ineffectiveness of sentencing counsel, and procedural reasonableness of his sentence.

I.

Wilson was indicted for possessing with the intent to distribute five grams or more of cocaine base. The government filed an information and notice pursuant to 21 U.S.C. § 851, asserting that it planned to seek enhanced penalties under 21 U.S.C. § 841(b)(1)(B) based on Wilson's two prior state felony drug convictions.

Wilson and the government entered into a written plea agreement, which acknowledged that the statutory minimum sentence was ten years' imprisonment and that the statutory maximum sentence was life imprisonment. The plea agreement included a sentence appeal waiver, which provided that Wilson agreed that the court had

> jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waive[d] the right to appeal [his] sentence or to challenge it collaterally, including but not limited to the filing of a 28 U.S.C. § 2255 petition, on any ground, including the ground that the [c]ourt erred in determining the applicable guidelines range.

However, Wilson would be allowed to appeal his sentence if it: (1) exceeded the guideline range as determined by the court; (2) exceeded the statutory maximum penalty; or (3) violated the Eighth Amendment. Wilson would be released from the waiver if the government appealed his sentence. (*Id.*). Wilson and his attorney both signed the plea agreement.

At his plea hearing, Wilson testified that he and his attorney had discussed every page of the plea agreement, and he understood each page of the agreement. Wilson understood that his mandatory minimum term of imprisonment was ten years and that his maximum sentence was life imprisonment. The magistrate reviewed the plea agreement and explained to Wilson that he could only appeal his sentence if it exceeded the guideline range as determined by the court, exceeded

3

the statutory maximum sentence of life imprisonment, or violated the Eighth Amendment. Wilson testified that he understood the appeal waiver. Additionally, the magistrate explained that Wilson could not appeal the court's calculation of his guideline range, nor could he assert that his attorney was ineffective as to the Sentencing Guidelines. Wilson testified that he understood these restrictions, he had no questions about the appeal waiver, and he agreed to the appeal waiver freely and voluntarily. The magistrate found that Wilson pleaded guilty freely, voluntarily, and knowingly. The district court accepted the guilty plea.

According to the presentence investigation report, Wilson had a guideline range of 77 to 96 months' imprisonment. However, Wilson's guideline range became 120 months' imprisonment due to the § 851 enhancement. At Wilson's sentencing hearing, his attorney stated that they did not object to the validity of the prior convictions referenced in the government's information and notice under § 851. However, he believed that the enhanced statutory minimum sentence was unwarranted because his guideline range would have been only 77 to 96 months without the enhancement or only 24 to 30 months if a 1:1 crack to cocaine ratio was used. The court stated that it considered the advisory guideline range, 18 U.S.C. § 3553, and the mandatory minimum sentence, and it imposed a 120-month sentence.

After Wilson's time to appeal his judgment expired, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, in which he argued that his attorney was ineffective for failing to: (1) file a notice of appeal when Wilson requested that one be filed; (2) object to the use of Wilson's prior convictions to enhance his mandatory minimum sentence; and (3) inform the court that Wilson's prior convictions were actually misdemeanors for the purpose of enhancing his sentence. Wilson also requested that his sentence be reduced pursuant to the Fair Sentencing Act. The clerk filed all further pleadings related to the § 2255 motion under case number 8:10-cv-2341.

The court granted the § 2255 motion, but only to the extent that Wilson was allowed to file a belated appeal in his criminal case. The court explained that: (1) the government had requested that Wilson be allowed to file an appeal; (2) this result would serve "the interest of judicial economy"; and (3) it was not making any findings as to the merits of Wilson's ineffective assistance of counsel claims. Therefore, the court would vacate its original judgment in Wilson's criminal case and impose the same sentence in an amended judgment. Wilson did not appeal this order.

The same day, the court entered an order in Wilson's criminal case vacating his criminal judgment, resentencing him to a 120-month sentence, and advising

5

him that he had 14 days to appeal the order. Wilson filed a notice of appeal in this case, which listed only Wilson's criminal case number, stated "CRIMINAL CASE" under the case number, and stated that Wilson was appealing "the Amended Judgment and Sentence entered in this case."

## II.

We examine our jurisdiction *sua sponte* and review jurisdictional questions *de novo*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). A defendant must file a notice of appeal, which must "designate the judgment, order, or part thereof being appealed." Fed.R.App.P. 3(a)(1), (c)(1)(B). Although a defendant must file a notice of appeal within 14 days of the entry of the judgment appealed, a district court may allow an out-of-time appeal as a remedy in a § 2255 case. *See United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); Fed.R.App.P. 4(b)(1)(A)(i). In such a case, the district court is to vacate the criminal judgment the defendant seeks to appeal and reimpose the original sentence. *Phillips*, 225 F.3d at 1201. A defendant may, but is not required to, file all of his collateral challenges in a "§ 2255 motion seeking an out-of-time appeal." *McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002). When a defendant does raise grounds in a § 2255 motion in addition to the request for an out-of-time appeal, the preferred procedure is to dismiss the additional claims

6

without prejudice or to hold the claims in abeyance until the direct appeal is resolved. *Id.* Although a court is generally required to resolve all claims in a petition for a writ of habeas corpus under 28 U.S.C. § 2254, there is "equally clear precedent" stating "that collateral claims should not be entertained while a direct appeal is pending." *Id.*

In a procedurally distinguishable case, we addressed a jurisdictional issue similar to the one at issue here. *United States v. Futch*, 518 F.3d 887, 891 (11th Cir. 2008). In *Futch*, the defendant had been granted a resentencing due to a change in his criminal history category, but the district court had denied his § 2255 motion as to his claims regarding his conviction. *Id.* at 890. Following his resentencing, the defendant filed a single notice of appeal, which specified "that he was appealing the final order entered in this matter . . . and all interim orders." *Id.* (quotation omitted). We held that this notice of appeal was sufficient to appeal both the new sentence and the denial of the conviction claims in the § 2255 motion. *Id.* at 894.

We do not have jurisdiction to review Wilson's claim as to his § 2255 motion. Wilson did not file a notice of appeal in his § 2255 case, which is required under Federal Rule of Appellate Procedure 3. *See* Fed.R.App.P. 3(a)(1). We do not construe the notice of appeal Wilson filed in this criminal case as a

notice of appeal in his § 2255 case because it: (1) listed only his criminal case number; (2) included the designation "CRIMINAL CASE" under the case number; and (3) specified that it was an appeal from the judgment in the criminal case without mentioning the order in the § 2255 case. Unlike the defendant in *Futch*, Wilson did not specify that he was appealing the interim orders in his case as well as the final criminal judgment. *See Futch*, 518 F.3d at 890. Therefore, we dismiss Wilson's claim as to his § 2255 motion for lack of jurisdiction.

## III.

We generally review *de novo* the question of whether the government breached a plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). However, where a defendant fails to object to an alleged breach before the district court, we review only for plain error. *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002). Plain error exists where (1) there is an error, (2) that is plain, (3) that affected the defendant's substantial rights, and (4) that "seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

A defendant may appeal his sentence based on an alleged plea agreement breach even if the plea agreement contains a sentence appeal waiver. *See Copeland*, 381 F.3d at 1105. The first step in determining whether the

8

government breached a plea agreement is to "determine the scope of the government's promises." *Id.* In so doing, we applied an objective standard to determine "whether the government's actions [were] inconsistent with what the defendant reasonably understood when he" pleaded guilty. *Id.* (quotation omitted).

Because Wilson did not object that the government breached the plea agreement before the district court, the claim is subject to plain-error review. *See Romano*, 314 F.3d at 1281. Wilson fails to meet the first prong of the plain error test in that there was no error because the government did not breach the plea agreement. The plea agreement unambiguously stated that Wilson's minimum sentence was ten years and that his maximum sentence was life imprisonment. Nowhere does the agreement state that the government must explain how it determined that these were Wilson's minimum and maximum sentences. Accordingly, the government did not breach the agreement when it failed to offer such an explanation in the plea agreement or during the plea colloquy. Therefore, we affirm as to Wilson's argument that the government breached the plea agreement.

IV.

9

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) "the district court specifically questioned the defendant" about the waiver during the plea colloquy, or (2) the record makes clear "that the defendant otherwise understood the full significance of the waiver." *Id.* In *Johnson*, we discussed "the Eighth Circuit's application of the 'miscarriage of justice' exception," but did not purport to adopt such an exception for our Circuit. 541 F.3d at 1069 n.5.

A party abandons an issue not raised in its initial brief. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). To raise an issue on appeal, the appellant should "plainly and prominently" indicate that the issue is being raised. *Id.* The appellant in *Jernigan* abandoned an issue where he made only four passing references to the issue. *Id.*

Wilson knowingly and voluntarily waived his right to appeal his sentence. During the plea colloquy, the magistrate specifically questioned Wilson about the sentence appeal waiver, reviewed the terms of the waiver with Wilson, explained its exceptions, and explained that Wilson could only appeal his sentence if one of

the three exceptions was met. The magistrate further explained that Wilson could not appeal the court's calculation of his guideline range, nor could Wilson argue that his lawyer was ineffective with respect to the Sentencing Guidelines. Wilson testified that he understood the appeal waiver, its exceptions, and the fact that he could not appeal the court's calculation of his guideline range or argue that his attorney was ineffective with respect to the Sentencing Guidelines. He also testified that he had no questions about the appeal waiver and that he agreed to the appeal waiver freely and voluntarily. Finally, Wilson testified that he and his lawyer had discussed every page of the plea agreement and that he understood every page of the agreement. Therefore, the sentence appeal waiver was made knowingly and voluntarily. *See Bushert*, 997 F.2d at 1351.

Wilson makes three additional arguments regarding the validity of his appeal waiver, and these arguments are meritless. First, he asserts that he did not intelligently waive his right to appeal because he did not understand why his minimum sentence was ten years rather than five years. Wilson has not explained how his lack of understanding as to how his minimum sentence was determined relates to his decision to agree to waive his right to appeal. Second, Wilson argues that the district court's order granting his § 2255 motion supports his argument that he did not intelligently waive his right to appeal. Wilson is incorrect because

11

that order merely allowed Wilson to file an out-of-time appeal without addressing whether Wilson had intelligently waived his right to appeal. Third, Wilson argues that enforcing the appeal waiver would be a miscarriage of justice because his sentence is longer than he thought it would be based on the plea agreement. This argument is belied by the record because Wilson expressly agreed in the plea agreement and during the plea colloquy that his minimum sentence was ten years. Furthermore, even if we had adopted the "miscarriage of justice" exception to appeal waivers, Wilson has not shown that a miscarriage of justice would result in this case where he was informed of the ten-year statutory minimum sentence in both his plea agreement and during his plea colloquy and where he knowingly and voluntarily waived his right to appeal his sentence.

The exceptions to Wilson's appeal waiver do not apply because his 120-month sentence does not exceed his 120-month guideline range as determined by the court or the statutory maximum sentence of life imprisonment. Moreover, Wilson has waived any argument that his sentence violated the Eighth Amendment because, in his counseled brief, he makes only a single passing reference to the Eighth Amendment. *See Jernigan*, 341 F.3d at 1283 n.8. Therefore, Wilson knowingly and voluntarily waived his right to appeal his sentence, and we dismiss the appeal of his sentence.

V.

In *United States v. Howle*, 166 F.3d 1166 (11th Cir. 1999), the defendant knowingly and voluntarily waived his right to appeal, but the district court nonetheless "strongly encouraged him to appeal his sentence." *Id.* at 1168. This encouragement, however, did not affect the terms of the plea agreement. *Id.* Even if the court was trying to modify the plea agreement, the attempt was invalid. *Id.* at 1169. Therefore, we honored the plea agreement and dismissed the appeal without addressing its merits. *Id.*

The district court did not abrogate Wilson's appeal waiver. As discussed above, Wilson's appeal waiver was knowing and voluntary. Therefore, even if the district court's order allowing him to file an out-of-time appeal was an attempt to abrogate the appeal waiver, such an attempt was invalid. *See Howle*, 166 F.3d at 1169. Therefore, we will honor the plea agreement and dismiss Wilson's appeal of his sentencing issues.

VI.

A defendant may not attack the effectiveness of his sentencing counsel where there is a valid sentence appeal waiver in effect that prohibits a direct or collateral challenge on any ground. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). In *Williams*, the defendant waived his right to appeal his

13

sentence "on any ground" on direct appeal or collateral review. *Id.* at 1341 (quotation omitted). During the plea colloquy, the district court explained to the defendant in *Williams* "that he was waiving his right to challenge his sentence 'directly or collaterally.'" *Id.* In enforcing the appeal waiver in that case, we explained that allowing a defendant to "recast[] a challenge to his sentence as a claim of ineffective assistance" would make the appeal waiver meaningless. *Id.* at 1342.

As discussed above, Wilson knowingly and voluntarily waived his right to appeal his sentence. Wilson was specifically advised that he was waiving his right to appeal errors, including ineffective assistance of counsel, related to the Sentencing Guidelines. He testified that he understood that he was waiving this right. Accordingly, we dismiss his appeal as to his arguments that his sentencing counsel was ineffective for failing to make an argument related to the Sentencing Guidelines and that his sentence was procedurally unreasonable. Wilson also waived the right to argue that counsel was ineffective for failing to object to his § 851 sentence enhancement. Like the defendant in *Williams*, Wilson's plea agreement specified that he could not appeal or seek collateral review of his sentence "on any ground." *See Williams*, 396 F.3d at 1341. We thus enforce the appeal waiver and dismiss this claim because Wilson was specifically questioned

14

on his appeal waiver; he knowingly and voluntarily waived the right to appeal his sentence, including ineffective assistance claims; and to consider the merits of this claim would allow Wilson to circumvent his appeal waiver as to the application of the § 851 sentence enhancement. *See id.* at 1342.

For the foregoing reasons, we dismiss Wilson's claim as to his § 2255 case; affirm as to the breach of the plea agreement argument; and dismiss Wilson's claims regarding the abrogation of his appeal waiver, ineffectiveness of sentencing counsel, and procedural reasonableness of his sentence.

**AFFIRMED IN PART, DISMISSED IN PART.**