[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17257
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00524-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES VERNON BATTLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 5, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

James Battle challenges his 61-month total sentence for aggravated identity theft and wire fraud. On appeal, Battle argues that the government committed prosecutorial misconduct at his sentencing hearing by making misleading statements to the court and relying on a witness's testimony that it knew to be false. The government, in its response, argues that Battle's claims are, in fact, recast challenges to his guideline calculation and thus are barred by a sentence-appeal waiver in his plea agreement.

## I.

We review the validity of a sentence-appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence-appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* We have determined that a defendant may not recast a waived challenge to his sentence as an ineffective-assistance-of-counsel claim so as to fit within an express exception to the waiver for such claims. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

2

Battle's plea waiver expressly stated that it "does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct." (Doc. 46 at 8).  In this appeal, Battle's claim that the government committed prosecutorial misconduct at his sentencing hearing falls directly within this exception to the sentence-appeal waiver. Battle's arguments that the government committed prosecutorial misconduct at the sentencing hearing are not barred by the appeal waiver in the plea agreement.

## II.

We ordinarily review claims of prosecutorial misconduct *de novo*.  *United States v. Merrill*, 513 F.3d 1293, 1306 (11th Cir. 2008).  However, where a defendant did not object to the prosecutor's conduct in the district court, we review these claims for plain error.  *See id.* at 1306-07.  Under plain error review, the appealing party bears the burden of establishing that: (1) the district court erred; (2) the error was plain or obvious; (3) the error affected her substantial rights; and (4) the error damaged the fairness, integrity, or reputation of the court proceedings. *United States v. Schmitz*, 634 F.3d 1247, 1268 (11th Cir. 2011).  To show that an error was plain, the error must be contrary to an explicit statutory provision or on-point precedent from this Court or the Supreme Court.  *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).

3

To establish prosecutorial misconduct, a defendant must show that the prosecutor made improper remarks that prejudiced his substantial rights. *Merrill*, 513 F.3d at 1307. A prosecutor's remarks prejudice a defendant's substantial rights when there is a reasonable probability that, but for the remarks, the outcome of the case would have been different. *See id.*

We have determined that a prosecutor's statements in opening, closing, and rebuttal arguments at trial did not amount to prosecutorial misconduct where, even considered cumulatively, the prosecutor's comments did not deny the defendant a fair trial. *See United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). Under Model Rule of Professional Conduct 3.1, attorneys may not make assertions in a proceeding that do not have a non-frivolous basis in law and fact. Model Rules of Prof'l Conduct 3.1 (Am. Bar Ass'n 2014).

Battle has failed to meet his burden of proof under plain error review. First, Battle must demonstrate that the district court's alleged error was plain or obvious, which requires that the error be contrary to on point precedent from this Court or the Supreme Court. However, Battle fails to point to a single circuit or Supreme Court precedent that recognizes prosecutorial misconduct at the sentencing phase, rather than at trial.

Second, Battle must show that the government's misconduct affected his substantial rights. Battle contends that his rights were affected with regards to both

4

the denial of a two-point sentence reduction for acceptance of responsibility and the imposition of a two-point sentence enhancement for obstruction of justice. For acceptance of responsibility, Battle argues that the government's statement that Battle tried to "sabotage some of the case" when he attempted to withdraw his guilty plea constitutes misconduct and affected his substantial rights.  The district court gave four reasons for overruling Battle's objection to the lack of a reduction for accepting responsibility: (1) he violated his bond condition; (2) he failed to terminate his criminal conduct by possessing a firearm while under indictment; (3) he tampered with, and retaliated against, a witness; and (4) he moved to withdraw his guilty plea. (Doc. 100 at 5-6). Further, the court noted that an enhancement for obstruction of justice ordinarily indicates the defendant has not accepted responsibility. Battle fails to demonstrate the government's misconduct caused the court's denial of a sentence reduction for acceptance of responsibility.

For obstruction of justice, Battle argues that the government's reliance on Ms. Webster's testimony was misconduct that affected his substantial rights. However, Ms. Webster's testimony was supported by security footage. Additionally, Battle has presented no evidence that the government knew Ms. Webster's testimony was false..

Battle has not met his burden under plain error review in demonstrating prosecutorial misconduct. He has not pointed to any on-point precedent that such

statements during sentencing constitute prosecutorial misconduct, the

prosecution's statements were based on facts on the record, and the statements did

not affect Battle's substantial rights.

**AFFIRMED.**