[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17457
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cr-00018-JES-MRM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN J. HANLON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 2, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES and JILL PRYOR, Circuit

Judges.

PER CURIAM:

John Hanlon, Jr. appeals from his sentence of 84 months' imprisonment, which was imposed after he pled guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(1). Hanlon contends that the district court erred by granting enhancements to his sentence and by failing to grant him a variance under the 18 U.S.C. § 3553(a) factors.  He also contends that counsel was ineffective at sentencing for failing to seek a downward departure or a reduction for substantial assistance, properly file written objections to the PSI, argue against improper enhancements, and seek a downward variance.  Hanlon also contends that his trial counsel was ineffective during plea negotiations because counsel did not investigate his mental competency before advising him to enter into his plea agreement and had him sign a plea agreement with language counsel had objected to.

The government filed a motion to dismiss Hanlon's appeal based on the sentence appeal waiver in his plea agreement, arguing that the plea agreement and plea colloquy make clear that Hanlon knowingly and voluntarily waived his right to appeal the sentence he received on any ground other than specific exceptions that are not relevant to his appeal.  The government alternatively argues that the record is insufficiently developed for us to decide Hanlon's ineffective-assistance claims on direct appeal.

2

## I.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id*. We strongly presume that a defendant's statements at a plea colloquy are true. *United States v. Gonzales-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987).

We have held that an appellant waived his ineffective assistance of counsel claims regarding sentencing where he entered into a knowing and voluntary appeal waiver of both direct and collateral appeals of his sentence on any ground, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). A valid appeal waiver does

not, however, waive a claim that the defendant received ineffective assistance of counsel in entering into a plea agreement because that claim goes to the heart of whether the guilty plea, including the waiver, is enforceable. *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284-85 (11th Cir. 2015).

For these reasons, Hanlon's sentence appeal waiver bars his sentence claims and his claims that his trial counsel was ineffective at sentencing, which is an indirect challenge to his sentence. *Bushert*, 997 F.2d at 1351. *Williams*, 396 F.3d at 1342. The government's motion to dismiss is granted as to these claims. However, because Hanlon's arguments that his counsel was ineffective in negotiating his plea are outside the scope of his appeal waiver, *Puentes-Hurtado*, 794 F.3d at 1284-85, the government's motion to dismiss is denied as to these claims.

## II.

We "will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). The preferred method of raising claims of ineffective assistance of counsel is in a motion pursuant to 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 505-06 (2003). The record is not sufficiently developed for us to address in this direct appeal Hanlon's claims that his counsel was ineffective at the plea

4

negotiation.  *Bender*, 290 F.3d at 1284.  For that reason, those claims are dismissed without prejudice to his raising them in a § 2255 motion to adjudicate them. *Massaro*, 538 U.S. at 505-06.

The appeal from the judgment of conviction and sentence is, with the reservation stated in the preceding sentence of this opinion, **DISMISSED**.