[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12400
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00316-SDM-JSS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECILIO CUERO PAYAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 24, 2019)

Before MARTIN, NEWSOM, and ANDERSON Circuit Judges.

PER CURIAM:

Cecilio Cuero Payan appeals his 108-month sentence for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States.  He argues that the district court clearly erred by denying his request for a two-level minor-role reduction under United States Sentencing Guidelines ("Guidelines") § 3B1.2(b).  He also asserts that he was deprived of effective assistance of counsel during sentencing by his trial counsel's failure to object to the district court's denial of the minor-role reduction.  After careful review, we conclude that Payan knowingly and voluntarily waived his right to appeal his sentence on the grounds he raises in this appeal.  We therefore dismiss the appeal.

## I.

In June 2017, a grand jury returned an indictment against Payan and two co-defendants, charging them with possession of and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States.  Payan entered a plea agreement under which he would plead guilty to the conspiracy count in exchange for the government dismissing the possession count.  The plea agreement included a section entitled, "Defendant's Waiver of Right to Appeal the Sentence," which provided:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up the statutory

2

> maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable Guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable Guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed . . . then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Payan initialed the bottom of each page of the agreement and signed the final page, indicating that he agreed to its terms.

During a change-of-plea hearing, a magistrate judge informed Payan, through an interpreter, of his various rights and discussed the appeal waiver, explaining:

> THE COURT:  Normally, a criminal defendant can appeal his sentence on any ground, but in this plea agreement you're waiving and you're giving up your right to appeal your sentence on all grounds.  There's only four very limited grounds that would remain for you to be able to appeal your sentence.  Otherwise, you're waiving and you're giving up your right to appeal your sentence.

The magistrate judge then described the four limited grounds on which Payan reserved the right to appeal and confirmed that Payan understood and agreed to waive his appeal rights as explained.

3

THE COURT:    Other than those four very limited grounds, you'd be waiving and giving up your right to appeal your sentence.  Do you understand and agree to that?

THE DEFENDANT (via interpreter):  Yes.

THE COURT: Did you discuss a waiver of your right to appeal with your attorney?

THE DEFENDANT (via interpreter): Yes.

THE COURT:  Do you have any questions at all about your waiver of your right to appeal your sentence?

THE DEFENDANT (via interpreter):  No.

THE COURT:  Do you have any questions at all about the plea agreement?

THE DEFENDANT (via interpreter):  No.

After finding that Payan had entered his plea knowingly and voluntarily and that he understood the consequences of the plea, the magistrate judge recommended that the district court accept Payan's guilty plea.  The district court did so.

At Payan's sentencing hearing, the district court granted the government's motion for a two-level reduction for substantial assistance under Guidelines § 5K1.1 and 18 U.S.C. § 3553(e) but denied Payan's request for a two-level minor-role reduction.  After calculating Payan's guideline range of 108 to 135 months, the district court sentenced him to 108-months imprisonment.

Payan appealed his sentence, arguing the district court clearly erred by rejecting his request for a minor-role reduction.  Payan also asserted his trial counsel provided ineffective assistance during sentencing by failing to object to the district court's denial of a minor-role reduction.  In response, the government filed a motion to dismiss Payan's appeal based on the appeal waiver in his plea agreement.  The government alternatively argued that the record is insufficiently developed for this Court to resolve Payan's ineffective assistance-of-counsel claim on direct appeal and that, in any event, Payan has not shown that his sentence would have been different if his counsel had objected to the district court's denial of the minor-role reduction.

## II.

"We review the validity of a sentence appeal waiver de novo."  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).  Such waivers are valid and enforceable if they are made knowingly and voluntarily.  Id.  The government can demonstrate a waiver was knowing and voluntary by showing either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  Id.  When reviewing the plea colloquy, we look for clear language from the district court explaining what rights

the defendant is giving up. See United States v. Bushert, 997 F.2d 1343, 1352–53 (11th Cir. 1993).

We have held that a defendant waived his ineffective-assistance-of-counsel-claim regarding counsel's performance during sentencing because "a contrary result would permit a defendant to circumvent the term of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005); see also Bushert, 997 F.2d at 1351; United States v. Hanlon, 694 F. App'x 758, 759 (11th Cir. 2017) (holding that "sentence appeal waiver bars [defendant's] sentence claims and his claims that his trial counsel was ineffective at sentencing, which is an indirect challenge to his sentence"). Absent "extreme circumstances—for instance, if the district court had sentenced [the defendant] to a public flogging—[under which] due process may require that an appeal be heard despite a previous waiver," United States v. Howle, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999), this Court strictly enforces knowing and voluntary appeal waivers, see Johnson, 541 F.3d at 1068.

## III.

Payan does not assert that this appeal is based on any of the grounds for which he reserved his right to appeal. Nonetheless, he argues that his appeal waiver does not bar this appeal. Payan says his challenge to the district court's

6

denial of his request for a minor-role reduction is permitted because the basis for the district court's denial of the reduction was unreasonable and unforeseeable. Payan also argues he did not validly waive his right to appeal on the ground that his counsel performed ineffectively during sentencing, primarily asserting that his trial counsel could not have ethically advised him on whether to waive his right to pursue an ineffective assistance of counsel claim as part of a plea agreement.

We conclude that Payan's appeal waiver was knowingly and voluntarily made. The magistrate judge specifically questioned Payan about the appeal waiver, describing each of the limited grounds on which Payan reserved the right to appeal. Payan confirmed that he understood the appeal waiver and that he agreed to its terms. Beyond that, the written appeal-waiver explicitly mentioned that Payan waived the right to appeal on the basis that the district court miscalculated his guideline range. At no point did Payan express confusion about the appeal rights he was giving up. We are not persuaded by Payan's arguments for why his appeal-waiver should be deemed unenforceable as to the claims he asserted on appeal. See Williams, 396 F.3d at 1342 (holding that a knowing and voluntary appeal waiver precluded a defendant from "attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing"); Howle, 166 F.3d at 1168–69 (holding that a knowing and voluntary appeal waiver barred a defendant from challenging a district court's

7

denial of a motion for a downward departure).  Neither are we convinced that

Payan has shown any "extreme circumstance[]" requiring his appeal to be heard

despite his knowing and voluntary waiver of the right to appeal.  Id. at 1169 n.5.

Therefore, we must honor the plea agreement and dismiss this appeal.[1]

      **DISMISSED.**

---

[1]  To the extent Payan wishes to raise ineffective-assistance-of-counsel claims unrelated to his sentencing in a 28 U.S.C. § 2255 motion, we do not address them here.  Cf. United States v. Puentes-Hurtado, 794 F.3d 1278, 1285 (11th Cir. 2015) (reserving for a § 2255 motion questions about whether counsel rendered ineffective assistance in advising a defendant about a proposed plea agreement).