[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10856

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAYMOND MALARA, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00066-KKM-AAS-1

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Raymond Malara, III, pleaded guilty, pursuant to a written plea agreement containing a sentence-appeal waiver, to one count of possession with the intent to distribute cocaine, fentanyl, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). The district court sentenced him to 108 months' imprisonment and 36 months' supervised release. On appeal, he argues that his trial counsel was ineffective for failing to raise a relevant conduct objection at sentencing when the district court held him accountable for 111.6 grams of methamphetamine sold to a co-conspirator.[1]

---

[1] As part of the plea agreement, Malara admitted to the following facts. Between October 2020, and February 2021, law enforcement agents intercepted calls between Malara and several co-conspirators on authorized wiretaps, during which Malara and others discussed the purchase, distribution, and sale of controlled substances. From the intercepted calls, agents identified Malara as a cocaine trafficker. When officers searched his apartment, they found a large quantity of cash, 250 grams of cocaine, and 396 grams of marijuana. They also searched a BMW parked outside the residence and found between 100-200 fentanyl pills, and approximately 4 kilograms of marijuana. In addition to describing the above offense conduct that Malara admitted to in the plea agreement, his presentence investigation report ("PSI") also stated that he was accountable for 111.6 grams of methamphetamine (aka "Ice") sold to a co-conspirator on January 5, 2021. Malara objected, arguing that the Ice substance was "exotic marijuana," not methamphetamine.

In response, the government has moved to dismiss Malara's appeal based on the sentence-appeal waiver, arguing that Malara is recasting a sentencing challenge as an ineffective-assistance claim in order to avoid the valid sentence-appeal waiver. Alternatively, the government argues that we should not address the ineffective-assistance claim on direct appeal because it was not raised before the district court and the factual record is not developed. Malara responds that the sentence-appeal waiver does not encompass ineffective-assistance claims, and it does not bar the instant appeal.

After review, we conclude that the sentence-appeal waiver is valid and enforceable. To the extent Malara challenges the district court's application of the sentencing guidelines, his claim is barred by the appeal waiver. We decline to address his ineffective-assistance claim on direct appeal. Therefore, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the

---

However, he did not raise a relevant conduct objection to the finding holding him accountable for the methamphetamine.

waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Malara's plea agreement contained the following waiver:

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(emphasis in original). Malara signed the plea agreement and initialed each page.

The record establishes that, at the change-of-plea hearing, the magistrate judge questioned Malara about the sentence-appeal waiver and the four limited grounds under which he could appeal

notwithstanding the waiver. Malara stated that he understood and that he was entering the waiver freely and voluntarily.[2] The magistrate judge recommended that the district court accept Malara's guilty plea, which the district court did. Accordingly, the record establishes that Malara's sentence-appeal waiver was knowingly and voluntarily made and is enforceable. *Bushert*, 997 F.2d at 1351; *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily"). Indeed, Malara does not contest the validity of the waiver. Instead, he argues that it did not encompass a waiver of his right to raise a Sixth Amendment ineffective-assistance-of-counsel claim. Malara's argument is unpersuasive.

Where a valid appeal waiver exists, a defendant may not "circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). Moreover, we generally do not consider ineffective-assistance-of-counsel claims on direct appeal. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *see also United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015) (holding that a claim that counsel's

---

[2] Malara consented to the magistrate judge conducting the plea proceeding.

ineffective assistance rendered a guilty plea involuntary was not barred by an appeal waiver but declining to reach the merits of the claim on direct appeal).  Rather, the preferred method for raising ineffective-assistance-of-counsel claims is in a motion to vacate sentence under 28 U.S.C. § 2255, which affords the district court the chance to develop the facts necessary to determine the adequacy of representation. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Here, Malara argues that his counsel was ineffective for failing to raise a relevant conduct objection to the 111.6 grams of methamphetamine attributed to him.  He maintains that the distribution of the methamphetamine was not relevant conduct for which he could be held accountable and, had counsel objected on this ground, there is a reasonable probability that he would have received a lesser sentence.  Although Malara argues that his claim is not waived because the appeal waiver does not apply to claims of ineffective assistance of counsel, the government's point that Malara has repackaged a sentencing challenge under the guise of an ineffective-assistance claim in an attempt to circumvent the appeal waiver is well taken.  Thus, to the extent that Malara argues that the methamphetamine was not relevant conduct, his claim is barred by his valid and enforceable sentence-appeal waiver.

As for Malara's ineffective-assistance claim, we decline to consider the merits of this argument on direct appeal because it was not raised before the district court and the record is not developed enough to assess the adequacy of counsel's representation.

22-10856                Opinion of the Court                      7

*Massaro*, 538 U.S. at 504–05; *Bender*, 290 F.3d at 1284 ("We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record."). Malara is free to bring this ineffective assistance claim anew in a § 2255 proceeding.[3] Accordingly, we **GRANT** the government's motion to dismiss.

     **DISMISSED.**

---

[3] We express no opinion as to whether the sentence-appeal waiver would otherwise bar claims of ineffective assistance at sentencing. That issue—if raised by the government in a § 2255 proceeding—is for the district court to address in the first instance.