[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12056

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIUS ARLINE,
a.k.a. Jewls,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00125-KKM-TGW-1

_____

Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Julius Arline appeals his sentence for sex trafficking of a minor on procedural error, substantive unreasonableness, and Eighth Amendment grounds.  The government moved to dismiss Arline's appeal or to summarily affirm his sentence, contending that (1) Arline signed a plea agreement waiving any procedural error or substantive reasonableness challenges to his sentence; (2) his Eighth Amendment dispute is a substantive reasonableness challenge in disguise and so it is waived too; and (3) Arline hasn't established an Eighth Amendment violation.  After careful review, we grant the government's motion to dismiss to the extent Arline argues that his sentence was the result of procedural error and was substantively unreasonable, deny the motion to extent Arline argues that his sentence violated the Eighth Amendment, and grant the government's motion to summarily affirm Arline's sentence.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In March 2022, Arline pleaded guilty to one count of sex trafficking of a minor.  His plea agreement included a sentence-appeal waiver under which Arline expressly waived the right to appeal his sentence on "any ground" except "(a) the ground that the sentence exceeds the defendant's applicable guidelines range *as determined by the [district c]ourt* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory

maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution."

At Arline's sentencing hearing, the district court adopted his presentence investigation report, which—based on a total offense level of 43 and a criminal history category of III—calculated a guideline sentence of life imprisonment. Because Arline himself had faced sexual abuse as a child, and to avoid an unwarranted sentencing disparity with Arline's co-defendant (who pleaded guilty to conspiracy to engage in sex trafficking of a minor and would later be sentenced to 97 months' imprisonment), the district court varied downward and sentenced Arline to 480 months' imprisonment. Arline did not object on any grounds to his sentence or the manner in which it was imposed. This is Arline's appeal.

## DISCUSSION

Arline raises three challenges on appeal: (1) the district court procedurally erred, both by misapplying certain sentencing guidelines and by "fail[ing] to adequately explain" Arline's sentence as compared to his co-defendant's; (2) his sentence was substantively unreasonable, given that he was sexually abused as a child and "perhaps less culpable (and certainly not more culpable)" than his co-defendant; and (3) "the canyon" between his and his co-defendant's sentences violated the Eighth Amendment's "proportionality principle."

As a threshold matter, Arline neither acknowledges nor contests his sentence-appeal waiver. But we will enforce an appeal waiver that was made knowingly and voluntarily. *United States v.*

*Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). Whether a defendant knowingly and voluntarily waived his right to appeal is a question of law we review de novo. *Id.* at 1352. To establish that an appeal waiver was made knowingly and voluntarily, the government must show that either "(1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). There is also a "strong presumption" that the statements a defendant makes under oath during a plea colloquy are true. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) (citation omitted).

Here, the record is clear both that Arline understood the significance of the waiver and that the district court specifically questioned him about it. *See Johnson*, 541 F.3d at 1066. Arline initialed each page of his plea agreement and, with his attorney, signed the final page indicating "that [the] defendant fully understands its terms." Additionally, after Arline was sworn at his change of plea hearing, the magistrate judge confirmed that nothing affected Arline's ability to understand the proceeding. Arline and the magistrate judge then engaged in the following colloquy:

> THE COURT: I also want to emphasize paragraph 7. First[,] I will tell you that even though you are pleading guilty, you have a right to appeal your sentence, but under paragraph 7 you limit the extent to which you can appeal your sentence. Under paragraph 7[,] you can only appeal if the sentence exceeds the

guideline range as determined by the [district c]ourt under the guidelines, or if the sentence exceeds the statutory maximum penalty, or if the sentence violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines and cruel and unusual punishment.  Those are the only three things about your sentence that you can appeal. Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And[,] in particular[,] what you cannot appeal is the way the [district c]ourt calculates the sentencing guidelines.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Now, I'll add, if the [g]overnment should appeal first[,] then you also could appeal at that point.  Do you understand that provision?

THE DEFENDANT:  Yes.

THE COURT:  Do you have any question about it?

THE DEFENDANT:  No.

THE COURT:  And are you agreeing to it freely and voluntarily as to the—as part of this plea agreement?

THE DEFENDANT:  Yes.

Based on this record, and applying the strong presumption that the statements Arline made under oath were true, *see*

6                     Opinion of the Court                    22-12056

*Winthrop-Redin*, 767 F.3d at 1217, we are satisfied that Arline knowingly and voluntarily waived his right to appeal his sentence.

Accordingly, we must dismiss Arline's appeal to the extent his arguments do not fall within one of the three exceptions to his sentence-appeal waiver. *See United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) ("A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues—indeed, it includes a waiver of the right to appeal blatant error. Waiver would be nearly meaningless if it included only those appeals that border on the frivolous." (footnote omitted)). Arline's first two contentions—that the district court procedurally erred in sentencing him and his sentence was substantively unreasonable—do not fall within an exception. He neither argues (nor could argue) that his 480-month sentence exceeded either the "guidelines range *as determined by the [district c]ourt*" or "the statutory maximum penalty"—both of which are life imprisonment. *See* 18 U.S.C. § 1591(b)(2). We therefore partly grant the government's motion to dismiss because Arline's procedural error and substantive unreasonableness arguments are waived. *See Howle*, 166 F.3d at 1169.

His Eighth Amendment argument, on the other hand, falls within the third exception to his sentence-appeal waiver (an appeal on the ground "that [his] sentence violates the Eighth Amendment to the Constitution"). The government contends that we should dismiss this third contention too, because Arline is merely attempting to "circumvent his sentence-appeal waiver by cloaking his [substantive] reasonableness challenge in Eighth Amendment garb."

We are unpersuaded. To be sure, Arline's Eighth Amendment argument (that "the canyon that exists between" his and his co-defendant's sentences is "incomprehensible") is similar to his substantive reasonableness argument (that "[o]nly an error in the assessment of the underlying facts" can explain why his co-defendant received such a significantly lower sentence). However, Arline's reasonableness and Eighth Amendment challenges appear in separate sections of his brief, and he articulates distinct legal standards for each. Further, in making his Eighth Amendment argument, Arline cites the narrow proportionality principle and other Eighth Amendment caselaw. In short, Arline plainly asserts a distinct Eighth Amendment challenge in his brief.

*Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), which the government cites in support of dismissal, does not convince us otherwise. In *Williams*, we declined to consider a claim of ineffective assistance of counsel at sentencing, lodged by a prisoner who had waived his right to appeal his sentence "directly or collaterally," except on specific grounds not implicated in his 28 U.S.C. section 2255 motion. *Id.* at 1341–42. In doing so, we adopted our sister circuits' holdings that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." *Id.* at 1342. But even if we read *Williams*, as the government urges, as broadly prohibiting a defendant from "circumvent[ing] his sentence-appeal waiver by cloaking" a waived challenge in unwaived "garb," that's not what

happened here.  Arline's Eighth Amendment argument was not a waived substantive reasonableness challenge in disguise.  We thus deny the government's motion to dismiss it.

That said, we agree with the government that summary affirmance of Arline's sentence is appropriate.  Summary disposition is proper when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Because Arline did not raise the Eighth Amendment issue in the district court, we review for plain error. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).  To prevail under the plain error standard, Arline must show:  (1) there was error in the district court's determination; (2) the error was plain; (3) the error has affected his substantial rights; and (4) "the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings."  *United States v. Moore*, 22 F.4th 1258, 1264–65 (11th Cir. 2022) (citation omitted).  An error is not considered plain "unless it is contrary to explicit statutory provisions or to on-point precedent in this [c]ourt or the Supreme Court."  *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (quoting *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009)).

Arline has not shown plain error.  That's because he hasn't demonstrated that his sentence "is contrary to explicit statutory provisions" or our (or the Supreme Court's) "on-point precedent." *See id.*  To the extent Arline contends that the difference between his   and   his   co-defendant's   sentences   violates   the   Eighth

Amendment, we've never held that the Eighth Amendment requires identical sentences for co-defendants. *Cf. Edwards v. United States*, 795 F.2d 958, 961 n.2 (11th Cir. 1986) ("Co-defendants need not necessarily receive the same sentence."). And to the extent he argues that his sentence violated the proportionality principle, we've held that, "[i]n general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005) (citation omitted). Indeed, we have never found that an adult's non-capital sentence violates the Eighth Amendment, *United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2016), and we have specifically upheld as constitutional statutory-maximum life sentences imposed for sex trafficking crimes. *See, e.g.*, *United States v. Flanders*, 752 F.3d 1317, 1342–43 (11th Cir. 2014). Therefore, because the government is "clearly right as a matter of law," *see Groendyke Transp.*, 406 F.2d at 1162, we summarily affirm Arline's sentence.

**GOVERNMENT'S MOTION TO DISMISS PARTLY GRANTED AND PARTLY DENIED; GOVERNMENT'S MOTION FOR SUMMARY AFFIRMANCE GRANTED; SENTENCE AFFIRMED.**